# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Michaela Fellman                                  Plaintiff, | ) ) |
| v. | ) ) ) ) Civil Action No. 04-CV-251-JHP-PJC |
| Dr. Joe Wiley, President, Rogers State University, etc. et al., | ) ) ) |
| Defendants. | ) |

## **ORDER**

This matter comes before the Court pursuant to Plaintiff's "Motion for Relief from Order" (Docket No. 46), filed March 9, 2005.  Plaintiff asks this Court to reconsider its Order (Docket No. 45) denying Plaintiff's motion to file a Second Amended Complaint.[1]  For the reasons set forth below, Plaintiff's motion is hereby **denied**.

A motion for reconsideration is not among the motions recognized by the Federal Rules of Civil Procedure.  Rule 60(b) provides that a court may, however, relieve a party from a final judgment, order, or proceeding under certain circumstances.  Whether to grant or deny a motion for reconsideration under Rule 60(b) is committed to the Court's discretion.  See Hancock v. Oklahoma City, 857 F.2d 1394, 1395 (10th Cir. 1988).  Relief under Rule 60(b) is warranted only under exceptional circumstances.  See Van Skiver v. United States, 952 F.2d 1241, 1243

---

[1] This case was originally assigned to Judge Sven Erik Holmes.  It was transferred to Judge H. Dale Cook on March 15, 2005.  The case was transferred to the undersigned on June 21, 2005.

(10th Cir. 1991). Generally, courts recognize three major grounds for reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Hamner v. BMY Combat Sys., 874. F. Supp. 322 (D.Kan. 1995). Revisiting the issues already considered is not the purpose of a motion to reconsider. See Van Skiver, 952 F.2d at 1243.

In the instant case, the Court denied Plaintiff's motion to file a Second Amended Complaint because the Proposed Second Amended Complaint did not set forth sufficient facts to provide Defendants with adequate notice of Plaintiff's claims. Thus, the Proposed Second Amended Complaint would have failed under Federal Rule of Civil Procedure 12(b)(6). The Court also denied Plaintiff's request, made at the hearing held on January 15, 2005, to give Plaintiff a continuance to file a more fact-specific complaint. Plaintiff now argues that "the Court appeared to indicate the Proposed Second Amended Complaint could not state a claim upon which relief could be granted because it sought to hold state officials personally liable for acts taken in their official capacity," which, Plaintiff argues, is a misstatement of the law. See Pl.'s Mot. for Relief from Order at 6. Thus, the Plaintiff appears to be urging this motion because of a need to correct clear error or prevent manifest injustice. Upon considering the arguments presented, the Court finds that Plaintiff's Motion for Relief from Order should be denied.

Plaintiff, in her Motion for Relief from Order, misstates the Court's reasoning set forth in the Order denying Plaintiff's motion to file a Second Amended Complaint. As stated above, Plaintiff's motion to file a Second Amended Complaint was denied because the Proposed Second Amended Complaint did not set forth facts sufficient to fulfill notice requirements under the Federal Rules of Civil Procedure.

With regard to Plaintiff's request for leave to file a more detailed complaint, made at the January 15, 2005 hearing, the Court simply denied Plaintiff's informal request. The Court did engage in a colloquy with Plaintiff's counsel regarding the need for Plaintiff to alter the claims set forth in her lawsuit significantly in order to comply with the Eleventh Amendment. However, the Court specifically declined to resolve the issue of whether Plaintiff <u>could</u> properly craft a complaint that complied with the Eleventh Amendment.[2]  (<u>See</u> Tr. of January 15, 2005 Hearing at 32.)

Based on the above, the Court finds that it did not commit an error in denying Plaintiff's request to file a Second Amended Complaint, or in denying Plaintiff's request for leave to file a more detailed complaint. Accordingly, Plaintiff's Motion for Relief from Order is hereby denied.

In the alternative, Plaintiff requests that the Court grant her leave to file a Third Amended Complaint. In so far as Plaintiff is requesting leave to file a Third Amended Complaint as a form of relief from the Court's Order, her request is hereby **denied**. However, this ruling does not affect Plaintiff's Motion for Leave to File a Third Amended Complaint (Docket No. 47), filed contemporaneously with her Motion for Relief from Order. The Court will consider that motion

---

[2] The following colloquy took place between the Court and counsel for Plaintiff:

| | |
|---|---|
| THE COURT: | So back to my original point is that when you are undertaking to sue state actors but do so in federal court, by the time you have navigated your way through the various jurisdictional pitfalls it may not remotely look like the cause of action you believed you had when you first undertook it, right? |
| MR. BRYAN: | That is true. |
| THE COURT: | I don't think that's something that we're going to resolve here today . . . . All we're here today to decide is whether or not the Second Amended Complaint as drafted makes out a cause of action against any of these five named defendants individually under the Federal Rules of Civil Procedure.. |

separately.

>IT IS SO ORDERED this 1st day of July 2005.

*[Signature: James H. Payne]*
James H. Payne
United States District Judge
Northern District of Oklahoma