# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAELA FELLMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 04-CV-251-JHP-PJC |
| | ) | |
| DR. JOE WILEY, President, Rogers State University, et al. | ) ) ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**<u>ORDER:</u>**

Now before the Court is the Defendants' Motion to Dismiss [26-1], the Defendant's Supplemental Motion to Dismiss [38-1] and the Plaintiff's Reply [41-1]. The motion seeks to dismiss all of the claims against each of the remaining defendants in this action pursuant to Federal Rules 4 and 12. For the reasons stated herein, the Defendants' motion is hereby GRANTED.

The Plaintiff, Michaela Fellman, filed this cause of action against the Defendants on March 26, 2004. The complaint alleged that the Defendants had violated Ms. Fellman's constitutional rights by, inter alia, unlawfully arresting her and conspiring to effectuate that unlawful arrest. Along with her constitutional claims, the Plaintiff also alleges that the Defendants violated several state laws including false arrest and imprisonment. Plaintiff alleges that the violations occurred on August 20, 2002 when she was held without her consent for over three hours and was subjected to interrogation.

When this case was filed by the Plaintiff, it was randomly assigned to Judge Holmes.

1

After an original round of motions, Judge Holmes dismissed Defendants Joe Wiley, Brett Campbell, Debra Hedrick, Janice Carroll, and Gary Bogerman all in their individual capacities due to the Plaintiff's failure to obtain proper service.  Thus, the parties remaining in the action are the above mentioned individuals in their official capacities ("RSU Defendants") as officers of the Rogers State University and the seven people who are members of the Board of Regents of the University of Oklahoma–namely G.T. Blankenship, Stephen F. Bentley, Christy Everest, Paul D. Austin, Tom Clark, Jon R. Stuart, and A. Max Weitzenhoffer–in their individual capacities ("Regents Defendants").

In their motion to dismiss, the Defendants contend that the Amended Complaint should be dismissed against the RSU Defendants in their official capacities because the Court does not have subject matter jurisdiction over the claims.  Specifically, the Defendants claim that the RSU Defendants in their official capacities are absolutely immune from suit pursuant to the Eleventh Amendment.  The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI.  Moreover,

> It has long been settled that the reference to actions 'against one of the United States' encompasses not only action in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities. . . . Thus, 'when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit . . . .'

*Regents Univ. Cal. v. Doe*, 519 U.S. 425, 429 (1997) (citations omitted).

In this case, the action filed against the RSU Defendants in their official capacities falls under the limitations cited in the Eleventh Amendment.  Rogers State University is an arm of the

state of Oklahoma and is therefore immune from suit.  *See* 70 Okla. Stat. § 4669.  As the Tenth Circuit held,

> It seems obvious that a judgment against the University or the individual defendants in their official capacities 'must be paid from public funds in the state treasury,' and hence ' is barred by the Eleventh Amendment." [*Quern v. Jordan*], 440 U.S. 332, 337 (1979).  As we have stated previously, 'a suit in federal court against the members of a state board or agency acting in their official capacities is a suit against the board or agency itself, and [is] subject to the immunity afforded by the Eleventh Amendment.'  *Unified School Dist. No. 480 v. Epperson*, 583 F.2d 1118, 1121 (10th Cir. 1978).

*Seibert v. State of Okla., ex rel. Univ. Okla. Health Serv. Center*, 867 F.2d 591, 594-95 (10th Cir. 1989).  And, there is nothing to suggest that the State of Oklahoma has waived its immunity to suit in this type of action.  *See cf. id.* at 595.

The Plaintiff in her response to the motion to dismiss argues that since the Defendants' motion does not challenge the merits of the pendent state law claims there is no basis for dismissal.  Specifically, the Plaintiffs argue that since the state law causes of action against the RSU Defendants in their official capacity is from the same facts or series of events as are the claims against the Regent Defendants, that dismissal of them would be improper.  This argument, however, is clearly misplaced.  The United States Supreme Court in *County of Oneida, New York v. Oneida Indian Nation of New York State*, 470 U.S. 226, 251 (1985) reaffirmed its earlier holding, stating,

> As we held in [*Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89 (1984)]: 'Neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.  A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment.'

Thus, "whether the State has consented to waive its constitutional immunity is the critical factor

in whether the federal courts properly exercised ancillary jurisdiction." *County of Oneida*, 470 U.S. at 251. Because there is nothing to suggest the State of Oklahoma has waived its immunity with respect to this type of action, exercising supplemental jurisdiction is not permitted.

The RSU Defendants enjoy absolute immunity from being sued in their official capacities as claimed in this case, so the Court does not have jurisdiction over this matter. Therefore, the causes of action against the RSU Defendants in their official capacities is hereby granted pursuant to Federal Rule of Civil Procedure 12(b)(1).

In addition to the 12(b)(1) grounds for dismissal, the Defendants argue that the causes of action asserted against the RSU Defendants in their official capacities should be dismissed due to the Plaintiff's failure to state a claim upon which relief can be granted, Rule 12(b)(6), and for failure to obtain timely service, Rules 4(m) and 12(b)(5). However, because the Court has determined it does not have subject matter jurisdiction over the RSU Defendants in their official capacities because of immunity, the Court cannot reach the merits of those arguments.

In their Supplemental Motion to Dismiss, the Defendants argue that the causes of action against the Regent Defendants in their individual capacities must be dismissed for failure to state a claim, Rule 12(b)(6). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted only when it appears that the plaintiff can prove no set of facts in support of a claim that would entitle her to relief on that claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 1957). When considering a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff and resolve every doubt in the plaintiff's favor. Moreover, the plaintiff's allegations are to be taken as true for the purpose of ruling on the motion. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969).

In this case, the Plaintiff does not allege any personal participation on the part of the Regent Defendants that violated her rights. Instead, the Plaintiff seems to suggest that the Regent Defendants are liable for the actions which occurred because they were in a supervisory position and failed to prevent the violation from occurring. However,

> Under [42 U.S.C. §1983], a defendant may not be held liable under a theory of respondeat superior. . . . Instead, to establish supervisory liability, a plaintiff must show that 'an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise.

*Worrell v. Henry*, 219 F.3d 1197, 1214 (10th Cir. 2000) (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1527 (10th Cir. 1988)). "Before a superior may be held liable under the affirmative link requirement, he must have participated or acquiesced in the constitutional violations." *Winters v. Bd. Cty. Commrs.*, 4 F.3d 848, 855 (10th Cir. 1993). Thus, to survive 12(b)(6) scrutiny for a supervisory liability claim, the Plaintiff must have put in her complaint sufficient facts to suggest that the Regent Defendants participated or acquiesced in the alleged violations.

Here, the Plaintiff has wholly failed to plead facts that would show an affirmative link existed between any supervisory action or inaction taken by the Regent Defendants and the underlying constitutional violations. Rather, the Amended Complaint's Statement of Facts makes no mention of the Regent Defendants in any capacity and it is not until Count 4 when the Plaintiff alleges that "Defendants were acting under the direction and control of the individual members of the Board of Regents of the University of Oklahoma ("Board") and the local University . . . ." *See* Amended Complaint at 10, ¶ 20. Such a conclusory allegation with no supporting facts is inadequate to plead a claim of supervisory liability under 42 U.S.C. § 1983 against the Regent Defendants. Therefore, the Defendants motion with respect to the 42 U.S.C.

§ 1983 actions against the Regent Defendants is granted as the Plaintiff has failed to sufficiently plead a claim upon which relief may be granted.

The remaining claims in the lawsuit consist of those filed against the Regent Defendants under state law causes of action.  Because the Court has dismissed the federal law claims, the remaining state law claims are also dismissed against the Defendants as the Court declines to exercise supplemental jurisdiction.  28 U.S.C. § 1367(c)(3).

Since the RSU Defendants enjoy absolute immunity from suit and the Plaintiff failed to state a claim upon which relief may be granted with respect to the Regent Defendants, the Defendants' Motion to Dismiss is hereby GRANTED.  And this matter is dismissed without prejudice.

IT IS SO ORDERED this 5th day of August, 2005

James H. Payne
United States District Judge
Northern District of Oklahoma